IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:19-cr-149 |
| BARRY WRIGHT, | |
| Defendant. | |

**O R D E R**

Before the Court is the Magistrate Judge's April 4, 2022 Report and Recommendation, (doc. 100), to which the Government and Defendant Barry Wright have filed objections, (docs. 105 & 107). The Magistrate Judge recommended that the Court deny Wright's (1) "Motion to Dismiss Count Two of the Indictment", (doc. 25), (2) "Motion to Suppress Evidence Obtained From Verizon Wireless Pursuant to Search Warrant. . .", (doc. 31), and (3) "Motion to Suppress Evidence Seized From His Person . . .", (doc. 81).  (Doc. 100, p. 18.)  He recommended that the Court grant Wright's "Motion to Suppress Evidence Seized From Search of [a Residence]", (doc. 28). (Doc. 100, p. 18.)  For the following reasons, Wright's objections are **OVERRULED**. (Doc. 105.)  The Court **ADOPTS** the Report and Recommendation, in part, and **DECLINES** to **ADOPT** the Report and Recommendation, in part.  See, e.g., 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").  For the following reasons, "Wright's Motion to Dismiss Count Two of the Indictment", (doc. 25), "Motion to Suppress Evidence Obtained From Verizon Wireless Pursuant to Search Warrant. . .", (doc. 31), and "Motion to Suppress Evidence Seized From His Person . . .", (doc. 81) are **DENIED**.  The Court **DEFERS** ruling on his "Motion to Suppress

Evidence Seized From Search of [a Residence]", (doc. 28), and **REMANDS** consideration of that motion to the Magistrate Judge for further proceedings.

## BACKGROUND

As the Report and Recommendation explains, Wright challenges the validity of three warrants which are supported by affidavits stating that his ex-wife's vehicle "suddenly exploded" while she was driving.  (See, e.g., doc. 31-2, p. 4.[1])  Investigators subsequently found an incendiary device under the driver's seat consisting of circuit boards, switches, wires, batteries, plastic bottles, accelerant, and cardboard cylinders which tested positive for chemicals commonly found in boat flares.  (Id.)  The affidavits note that the ex-wife's attorney "expressed his concern" that Wright "may possibly be involved based on the tumultuous nature of their divorce" in which the ex-wife was awarded substantial assets.  (Id.)  The affidavits also include a statement from the ex-wife's coworker that the ex-wife "had expressed some concern regarding a recent gas leak in her home in which she believed that [Wright] may have possibly been involved."  (Id., p. 5.)  Further, the affidavits assert that Wright has the "intelligence, knowledge and specific skill-set" required to construct an incendiary device based on his experience as an "electrical engineer employed by . . . an electrical equipment supplier" which "specializ[es] in switchgear, transformer, and engineering services."  (Id.)  The affidavits also note that the ex-wife's coworker stated that he is a "boat mechanic/repairman."  (Id.)

Wright moved to dismiss Count Two of the Indictment, (doc. 25), and to suppress evidence obtained pursuant to three warrants issued by a Chatham County, Georgia Superior Court Judge, (docs. 28, 31 & 81).  (Doc. 100, pp. 1-2.)  The warrants authorized law enforcement to search (1)

---

[1] Each challenged warrant is supported by an affidavit stating the underlying facts of the incident.  (See doc. 100, p. 2 n. 2.)  For background information, the Court only cites one of the affidavits, (doc. 31-2), for ease of reference.

a residence located on 66th Street in Savannah, Georgia, (doc. 28-1); (2) records associated with a Verizon phone number, (doc. 31-1); and (3) Wright's person (doc. 81-1.)[2] After holding an evidentiary hearing and inviting the parties to submit additional briefing related to the testimony at the hearing, (doc. 87), the Magistrate Judge recommended that the Court deny the Motion to Dismiss, (doc. 25), deny the suppression motions related to the Verizon Warrant (doc. 31), and the Person Warrant, (doc. 81), and grant the suppression motion related to the 66th St. Warrant, (doc. 28). (Doc. 100, p. 18.)

## ANALYSIS

I.  **Motion to Dismiss (doc. 25) and Motion to Suppress Verizon Warrant (doc. 31).**

No party objects to the Magistrate Judge's recommendation that Wright's Motion to Dismiss, (doc. 25), be denied, and that his suppression motion related to the Verizon Warrant, (doc. 31), be denied. (Doc. 100, p. 18; doc. 105; doc. 107.) After a careful de novo review of the entire record, the Court concurs with those recommendations, and **ADOPTS** them as its opinion. For the reasons discussed by the Magistrate Judge, Wright's Motion to Dismiss, (doc. 25), and suppression motion related to the Verizon Warrant, (doc. 31), are **DENIED**.

II. **Motions to Suppress Person Warrant (doc. 81) and 66th Street Warrant (doc. 28)**.

Wright only objects to the recommended denial of his motion to suppress the fruits of the search of his person, (doc. 105), and the Government only objects to the recommended grant of his motion to suppress the fruits of the search of the 66th Street residence, (doc. 107.) After discussing the standard governing both motions, the Court will address their respective merits.

---

[2] The Magistrate Judge referred to these warrants as the "66th St. Warrant", the "Verizon Warrant", and the "Person Warrant", respectively. (Doc. 100, pp. 9, 11.) For consistency, this Order adopts that nomenclature.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," U.S. Const. amend. IV, and the judicially-created remedy known as the exclusionary rule acts as a deterrent to violating the Fourth Amendment by preventing the use of evidence seized as a result of an illegal search. United States v. Martin, 297 F.3d 1308, 1312 (11th Cir. 2002). In some cases, evidence seized pursuant to a search warrant that is invalid because it is "not supported by probable cause" is suppressed, or excluded, from the trial of a case. United States v. Welch, 2011 WL 3911113, at * 4 (S.D. Ga. Aug. 18, 2011); see generally United States v. Leon, 468 U.S. 897, 906-09 (1984) (discussing the origin and scope of the exclusionary rule).

In evaluating whether a search warrant was issued based on probable cause, "[a] reviewing court's task is not to make a de novo finding of probable cause but rather to decide whether the issuing magistrate—whose assessment of the affidavit's factual presentation is entitled to 'great deference'—had a 'substantial basis' for finding probable cause." United States v. Rangel, 2018 WL 817845, at * 6 (S.D. Ga. Jan. 18, 2018) (quoting Illinois v. Gates, 462 U.S. 213, 236, 238-39 (1983)); see also United States v. Giddens, 2019 WL 6971496, at * 1 (S.D. Ga. Dec. 18, 2019). Moreover, "[t]he Supreme Court has recognized that '[r]easonable minds frequently may differ' on whether an affidavit establishes probable cause, in order to accommodate the preference for warrants and to avoid perennial reevaluations of those determinations, the original determination is entitled to 'great deference.' " Giddens, 2019 WL 6971496, at * 1 (quoting Leon, 468 U.S. at 914).

Even if a court finds that the issuing magistrate did not have a substantial basis for finding probable cause, evidence discovered pursuant to a deficient warrant may still be admissible under the "good faith" exception to the exclusionary rule. Leon, 468 U.S. at 913. "The good-faith

exception applies in all but four sets of circumstances." United States v. Lara, 588 F. App'x 935, 938 (11th Cir. 2014) (citing Leon, 468 U.S. at 923).  It does not apply when: "(1) the magistrate judge was misled by information the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) the magistrate judge wholly abandoned his judicial role; (3) the affidavit is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where, depending upon the circumstances of the particular case, a warrant is so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized–that the executing officers cannot reasonably presume it to be valid." United States v. Hill, 2014 WL 5410214, at * 7 (S.D. Ga. Oct. 23, 2014) (citing United States v. Robinson, 336 F.3d 1293, 1296 (11th Cir. 2003)).

Finally, "[t]o trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system."  Herring v. United States, 555 U.S. 135, 144 (2009).  "When the police exhibit 'deliberate,' 'reckless,' or 'grossly negligent' disregard for Fourth Amendment rights, the benefits of exclusion outweigh the costs. . [cit.] . . But when the police reasonably act with a good-faith belief that their conduct is lawful, or when their conduct involves mere negligence, the deterrent value of suppression is diminished."  United States v. Brito-Arroyo, 2021 WL 3661200, at * 4 (11th Cir. Aug. 18, 2021) (internal quotations and citations omitted).

**A.  Person Warrant (doc. 81)**

Wright objects to the Magistrate Judge's recommendation that his motion to suppress related to the Person Warrant, (doc. 81), be denied, arguing that the affidavit supporting that warrant "failed to set forth facts establishing a sufficient probability that evidence or contraband would be found on [his] person."  (Doc. 105, p. 2-5.)  After a careful de novo review of the entire

record, the Court concurs with the Magistrate Judge that the facts in the affidavit, taken together, provided the issuing magistrate a substantial basis to find probable cause. United States v. Harris, 172 F. App'x 950, 957 (11th Cir. 2006) ("Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion there is a fair probability of finding contraband or evidence at a particular location.") (quoting United States v. Brundidge, 170 F.3d 1350, 1352 (11th Cir. 1999)).  As the Magistrate Judge explained, the affidavit includes numerous facts connecting Wright to the alleged incident.  (See doc. 100, pp. 9-10.)  The affidavit recites his ex-wife's attorney's "concern" because of the "tumultuous nature of their divorce," (doc. 81-2, p. 3); her co-worker's information about Wright's technical expertise and work with boats, and that the incendiary device "tested positive for the presence of [chemicals] . . . commonly found in boat flares," (id., p. 4); and that Wright has the knowledge necessary to create an incendiary device with a "complex design and configuration," (id.)  Given the "great deference" afforded to the issuing magistrate's determination, Gates, 462 U.S. at 236, the Court finds that the affidavit provided a substantial basis for her probable-cause finding.

       Wright's objection lists the facts the Magistrate Judge relied on to find that the affidavit gave the issuing magistrate a substantial basis to find probable cause.  (Doc. 105, p. 3-5.)  He argues that each of the facts the Magistrate Judge relied on is insufficient to meet the "substantial basis" standard.  (See, e.g., id. at 3 ("Merely having been a party to a contested divorce case which was ultimately finalized, without more, does not logically support any conclusion of a criminal motive to harm the other party.").)  As discussed above, however, the Court must determine whether the "totality of the circumstances" indicate that the issuing magistrate had a substantial basis to find probable cause.  See Harris, 172 F. App'x at 957.  Upon a de novo review of the record, the Court agrees with the Magistrate Judge that the facts asserted in the affidavit, taken

together, establish a sufficient connection between Wright and the alleged crime to conclude that the issuing magistrate had a "substantial basis" for her probable-cause finding. Rangel, 2018 WL 817845, at * 6. Accordingly, his objections are **OVERRULED**. (Doc. 105.) The Court **ADOPTS** the Magistrate Judge's recommendation and **DENIES** the defendant's motion to suppress the fruits of the search of his person. (Doc. 81.)

### B. 66th St. Warrant (doc. 28)

The Government objects to the Magistrate Judge's recommendation that Wright's motion to suppress evidence obtained pursuant to the 66th St. Warrant be granted. (Doc. 107.) It contends that the Magistrate Judge erred in finding that the issuing magistrate did not have a substantial basis for finding probable cause that evidence of the alleged crime would be found at the 66th St. Address. (Id., p. 9.) It then argues that even if she did not have a substantial basis to find probable cause, the evidence is still admissible under the Leon good faith exception. (Id. at 15.) Finally, it raises an argument not raised in any of its prior briefing, (docs. 46, 90[3]), or at the evidentiary hearing, (doc. 103) (Transcript), that the exclusionary rule should not apply because any deficiency in the affidavit was not "sufficiently deliberate," and that the cost of suppression would therefore outweigh the benefit of deterring future misconduct. (Doc. 107, pp. 24-26 (quoting United States v. Nicholson, 24 F.4th 1341, 1353 (11th Cir. 2022); see also id., pp. 24-25 (quoting United States v. Campbell, 26 F.4th 860, 878 (11th Cir. 2022) ("When the police exhibit deliberate, reckless, or grossly negligent disregard for Fourth Amendment rights, the deterrent value of exclusion is strong and tends to outweigh the resulting costs.")).)

---

[3] Since the Court instructed the parties to submit a post-hearing brief "solely related to" testimony received at the hearing, the Government's omission of this argument from its post-hearing brief, (doc. 90), was proper.

The Government's assertion of a wholly new argument in its Objection to the Report and Recommendation merits additional comment. As the Eleventh Circuit has explained, "the magistrate judge system was created to help alleviate the workload of the district judges," and "it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge." Williams v. McNeil, 557 F.3d 1287, 1291-92 (11th Cir. 2009) (internal quotations and citation omitted); see also United States v. Howell, 231 F.3d 615, 622 (9th Cir. 2000) ("Systemic efficiencies would be frustrated and the magistrate judge's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round."). Accordingly, "courts have the discretion to consider novel evidence, factual claims, and legal arguments raised for the first time in an objection to an R&R, [but] they are under no obligation to do so." Rolland v. Saul, 2019 WL 3554640, at * 2 (S.D. Ga. Aug. 5, 2019) (Hall, C.J.).

The Court concludes that the Magistrate Judge should be afforded an opportunity to consider the Government's newly-advanced argument. The Court, however, makes no assessment of the merits of the argument. Instead, the Court **DECLINES** to **ADOPT** the recommendation that Wright's motion to suppress evidence seized from the search of a residence, (doc. 28), be denied, and **REMANDS** consideration of the motion to the Magistrate Judge for further proceedings. Wright is **DIRECTED** to file a brief responding to the Government's new argument, (doc. 107, pp. 24-26), within fourteen days from the date of entry of this Order. If Wright wishes to argue that the Government has waived that argument, notwithstanding the Court's determination that remand is appropriate, he is free to do so. The Government may file a reply within 14 days after Wright files his response.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** in part, and **DECLINES** to **ADOPT**, in part, the Magistrate Judge's Report & Recommendation. (Doc. 100.) Wright's objections are **OVERRULED**, (doc. 105), and his Motion to Dismiss, (doc. 25), Motion to Suppress the fruits of the Verizon Warrant, (doc. 31), and Motion to Suppress the fruits of the Person Warrant, (doc. 81), are **DENIED**. The Court **REMANDS** consideration of Wright's Motion to Suppress the fruits of the 66th St. Warrant, (doc. 28), to the Magistrate Judge for further proceedings, consistent with the instructions above.

**SO ORDERED**, this 27th day of May, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

9