UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | CR419-149 |
| | ) | |
| | ) | |
| BARRY WRIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Defendant Barry Wright is indicted on one count of possession of an unregistered destructive device, in violation of 26 U.S.C. § 5861(d), and one count of use of fire or explosive to commit a felony, in violation of 18 U.S.C. § 844(h). Doc. 2 (Indictment). The Court held an evidentiary hearing on several of his pending motions, including his motion to suppress evidence obtained pursuant to state-court-issued warrant for the search of an address in Savannah (the "66th St. Warrant"), doc. 28; doc. 71 (supplementing doc. 28). Doc. 87 (Minute Entry).[1] Wright argued

---

[1] At the hearing, the Court also addressed Wright's motions to suppress evidence obtained pursuant to two other state court warrants, docs. 31 & 81, and his motion to dismiss, doc. 25. The District Judge adopted the undersigned's recommendation that those three motions be denied. Doc. 100 at 18 (Report and Recommendation ("R&R")); doc. 111 at 1-2 (District Judge's adoption). Wright also has six other suppression motions pending. *See* docs. 27, 29, 30, 32, 33 & 34. At the hearing, the

1

that the application for the 66th St. Warrant was deficient because, among other reasons, it "fail[ed] to provide any link between . . . Wright and the [address]." Doc. 28 at 3.  At the hearing, the officer who applied for the warrant testified that he orally supplemented the application by telling the issuing magistrate that the residence belonged to Wright.  Doc. 87 (Minute Entry); *see also, e.g.*, doc. 103 at 48 (Transcript).

The Court recommended that the District Judge grant the suppression motion.  Doc. 100 at 18.  After explaining that it did not find the officer's testimony regarding his oral supplement credible, *id.* at 12-15, it found that the application did not give the issuing magistrate a substantial basis for finding probable cause that evidence of the alleged crimes would be found at the address because the application "does not include any facts indicating why *this specific address* was relevant to the investigation."  *Id.* at 15 (emphasis in original).  The Court also found that "any belief that the [application] supported probable cause to search the address was unreasonable in the absence of any facts connecting it to

---

Court explained that because the disposition of the suppression motion related to the 66th St. Warrant is relevant to these six motions, it would dispose of doc. 28 before affording the parties an opportunity to present further argument on the remaining motions.  Doc. 87 (Minute Entry).

Wright or the crimes", and that the exception to the exclusionary rule articulated in *United States v. Leon*, 468 U.S. 897 (1984), should not apply. *Id.* at 16-17.

After the Government objected to that recommendation, doc. 107, the District Judge declined to adopt it. Doc. 111 at 1-2. He noted that the Government's objections "raise[d] an argument not raised in any of its prior briefing . . . or at the evidentiary hearing . . . that the exclusionary rule should not apply because any deficiency in the [66th St. Warrant application] was not 'sufficiently deliberate,' and that the cost of suppression would therefore outweigh the benefit of deterring future misconduct." *Id.* at 7 (citing doc. 107 at 24-26). He concluded that the undersigned "should be afforded an opportunity to consider the Government's newly-advanced argument", and remanded consideration of the motion "for further proceedings." *Id.* at 8-9. He also directed the parties to brief the newly-advanced argument. *Id.* (noting that "[i]f Wright wishes to argue that the Government has waived that argument, . . . he is free to do so.").

After the parties filed briefs, docs. 112 & 114, the undersigned held a status conference. Doc. 116 (Minute Entry). At the conference, the

Government orally moved to reopen the evidentiary hearing. *Id.*; *see also* doc. 117 (oral motion). It represented that the issuing magistrate is willing to testify as to whether the officer orally supplemented his warrant application with information that the 66th St. address was Wright's home. Doc. 116. It also indicated that it may seek to offer the testimony of another officer who was present during the warrant application, but that it was unable to proffer that the other officer recalled any relevant information. *Id.*

A magistrate judge may "receive further evidence" regarding a suppression motion before a district judge's final disposition of the motion "without any special justification." *United States v. Hayden*, 759 F.3d 842, 846 (8th Cir. 2014) ("Because the district court has discretion to receive new evidence [under 28 U.S.C. § 636(b)(1)] without any special justification while conducting *de novo* review of a magistrate judge's report and recommendation, [Cit.] we think it follows *a fortiori* that a magistrate judge likewise may receive new evidence before presenting a final report and recommendation to the district court."), cited in *United States v. Khan*, 2018 WL 2214813, at *2 (N.D. Ga. May 15, 2018).

4

In the context of a motion to reopen a suppression hearing, courts consider factors including the movant's reasons for not introducing the evidence earlier, *Khan*, 2018 WL 2214813, at *2 (quoting *United States v. Odeh*, 552 F.3d 177, 196-97 (2d Cir. 2008)), whether the additional evidence would affect a court's suppression determination, *United States v. Mercadel*, 2003 WL 21766541, at *6 (5th Cir. July 1, 2003), whether the movant has "explain[ed] in sufficient detail what the [additional] evidence or testimony would be," *United States v. Sadiki-Yisrael*, 2018 WL 5091914, at *3 (N.D. Ga. May 24, 2018), and whether the additional evidence "go[es] to the heart of [a] Magistrate Judge's credibility determination underlying" a suppression motion's disposition, *United States v. Espinoza*, 2006 WL 305921, at *4 (D. Ariz. Feb. 8, 2006).

The record is insufficient for the Court to decide whether to recommend that the District Judge consider the additional testimony. As discussed, the Government represents that the additional testimony will relate to "whether [the agent] orally supplemented [the application by stating] that Wright lived" at the address. Doc. 116 (Minute Entry). It has not "explain[ed] in sufficient detail what the [additional] evidence or testimony would be", *Sadiki-Yisrael*, 2018 WL 5091914, at *3, and it is

unclear whether the testimony is likely to "change the outcome of the suppression hearing." *United States v. Harmon*, 742 F.3d 451, 460 (10th Cir. 2014).

The Government, however, stated that the proposed additional witnesses were present during the warrant application, and suggested that their testimony will bolster the officer's testimony regarding his oral supplement. Doc. 116 (Minute Entry). Credible testimony from witnesses to the application, particularly from the issuing magistrate, may "create[ ] a genuine factual dispute on an outcome determinative fact", and "significantly bolsters a key witness' credibility[,] or [relate] to whether [the officer] in fact had probable cause[.]" *United States v. Harmon*, 871 F. Supp. 2d 1125, 1145 (D.N.M. 2012) (citing *Mercadel*, 2003 WL 21766541, at *6); *see also United States v. Martin*, 400 F. App'x 536, 536-37 (11th Cir. 2010) (when deciding whether to reopen a suppression hearing, a district court may consider the impact the new evidence would have on the court's credibility finding regarding a witness who testified at the suppression hearing). *Cf. United States v. McCluer*, 2010 WL 1980209, at *4 (E.D. Cal. May 12, 2010) (denying a motion to reopen a suppression hearing because "the government's proffered

evidence does not undercut any credibility determination [the] court has made[.]").

Therefore, in light of the Court's "responsibility to make an informed decision" on Wright's suppression motion, *Khan*, 2018 WL 2214813, at *2, it will afford the Government an opportunity to present additional testimony on a provisional basis from any individual present during the officer's application for the 66th St. Warrant (other than the officer himself). This provisional presentation will allow the Court to assess the content and credibility of the additional witnesses' testimony before entering a recommendation on whether the District Judge should consider it. The Court will schedule a hearing by separate Order.

**SO ORDERED**, this 19th day of July, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA