# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | CR419-149 |
| | ) | |
| BARRY WRIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Defendant Barry Wright is indicted on one count of possession of an unregistered destructive device, in violation of 26 U.S.C. § 5861(d), and one count of use of fire or explosive to commit a felony, in violation of 18 U.S.C. § 844(h).  Doc. 2 (Indictment).  The Court held an evidentiary hearing on several of his pending motions, including his motion to suppress evidence obtained pursuant to state-court-issued warrant for the search of an address in Savannah (the "66th St. Warrant"),[1] doc. 28; doc. 71 (supplementing doc. 28).  Doc. 87 (Minute Entry).[2]  Wright argued

---

[1]  For ease of reference, the Court will refer to the motion to suppress evidence obtained pursuant to the 66th St. Warrant, doc. 28, as the "66th St. Motion."

[2]  At the hearing, the Court also addressed Wright's motions to suppress evidence obtained pursuant to two other state court warrants, docs. 31 & 81, and his motion to dismiss, doc. 25.  The District Judge adopted the undersigned's recommendation that those three motions be denied. Doc. 100 at 18 (Report and Recommendation

that the application for the 66th St. Warrant was deficient because, among other reasons, it "fail[ed] to provide any link between . . . Wright and the [address]." Doc. 28 at 3.

The Court recommended that the District Judge grant the suppression motion. Doc. 100 at 18. It found that the application did not give the issuing magistrate a substantial basis for finding probable cause that evidence of the alleged crimes would be found at the address because the application "does not include any facts indicating why *this specific address* was relevant to the investigation." *Id.* at 15 (emphasis in original). The Court also found that "any belief that the [application] supported probable cause to search the address was unreasonable in the absence of any facts connecting it to Wright or the crimes," and that the exception to the exclusionary rule articulated in *United States v. Leon*, 468 U.S. 897 (1984), should not apply. *Id.* at 16-17.

After the Government objected to that recommendation, doc. 107, the District Judge declined to adopt it. Doc. 111 at 1-2. He noted that

---

("R&R")); doc. 111 at 1-2 (District Judge's adoption). Wright also has six other suppression motions pending. *See* docs. 27, 29, 30, 32, 33 & 34. At the hearing, the Court explained that because the disposition of the 66th St. Motion is relevant to those six motions, it would dispose of the 66th St. Motion before affording the parties an opportunity to present further argument on the remaining motions. Doc. 87 (Minute Entry).

the Government's objections "raise[d] an argument not raised in any of its prior briefing . . . or at the evidentiary hearing . . . that the exclusionary rule should not apply because any deficiency in the [66th St. Warrant application] was not 'sufficiently deliberate,' and that the cost of suppression would therefore outweigh the benefit of deterring future misconduct." *Id.* at 7 (citing doc. 107 at 24-26).  He concluded that the undersigned "should be afforded an opportunity to consider the Government's newly-advanced argument", and remanded consideration of the motion "for further proceedings." *Id.* at 8-9.  He also directed the parties to brief the newly-advanced argument.  *Id.* at 8 (noting that "[i]f Wright wishes to argue that the Government has waived that argument, . . . he is free to do so.").

After the parties filed briefs regarding the new argument, doc. 112 (Wright's brief); doc. 114 (Government's brief), the undersigned held a status conference. Doc. 116 (Minute Entry).  At the conference, the Government orally moved to reopen the evidentiary hearing. *Id.*; *see also* doc. 117 (Oral Motion).  It represented that the issuing magistrate was willing to testify as to whether the officer orally supplemented his warrant application with information that the 66th St. address was

Wright's home. Doc. 116. It also indicated that it might offer the testimony of another officer who was present during the warrant application. *Id.*

The Court afforded the Government an opportunity to present additional testimony on a provisional basis. Doc. 120 at 7 (explaining that the "provisional presentation will allow the Court to assess the content and credibility of the additional witnesses' testimony before entering a recommendation on whether the District Judge should consider it."). The Court received testimony from the issuing magistrate, and testimony from the officer who applied for the 66th St. Warrant. Doc. 146 (Minute Entry).[3]

For the following reasons, the Court **RECOMMENDS** that the 66th St. Motion be **DENIED**. Doc. 28. The Government's oral motion to reopen the suppression hearing should also be **DENIED**. Doc. 117. As such, the Court should decline to consider the additional evidence offered at the provisional hearing. As discussed below, however, to the extent

---

[3] In its Order permitting a provisional evidentiary presentation, the Court allowed the Government to present testimony from "any individual present during the officer's application for the 66th St. Warrant (other than the officer himself)." Doc. 120 at 7. At the hearing, Wright called the officer as a witness, and the Government did not object.

the District Judge may elect to entertain that evidence, the testimony would only serve to bolster the undersigned's recommendation that the 66th St. Motion be **DENIED**.  Doc. 28.

## ANALYSIS

1. _The District Judge would not abuse his discretion by considering or declining to consider the Government's newly-advanced argument._

Wright argues that the Court should deem the Government's argument (which was raised for the first time in the Government's objection to the undersigned's prior Report and Recommendation) to have been waived.  Doc. 112 at 1.  The Eleventh Circuit has explained that "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." _Williams v. McNeil_, 557 F.3d 1287, 1292 (11th Cir. 2009).  A district court, however, "does not abuse its discretion by accepting an argument not raised before the magistrate judge."  _United States v. Franklin_, 694 F.3d 1, 6 (11th Cir. 2012) (citing _Stephens v. Tolbert_, 471 F.3d 1173, 1176-77 (11th Cir. 2006)).  As discussed below, to the extent the District Judge elects to consider the newly-advanced argument, the undersigned **RECOMMENDS** that 66th St. Motion be **DENIED**.  Doc. 28.

2.  *The undersigned recommends that Wright's 66th St. Motion, doc.
    28, be denied.*

The Government argued in its objections to the prior R&R that the

exclusionary rule should not apply because any deficiency in the 66th St.

Warrant application was not "sufficiently deliberate."  *See* doc. 107 at 24-

26.  The exclusionary rule's "sole purpose . . . is to deter future Fourth

Amendment violations."  *Davis v. United States*, 564 U.S. 229, 236-37

(2011).  "The deterrence value provided by exclusion corresponds to 'the

culpability of the law enforcement conduct' at issue."  *United States v.*

*Campbell*, 26 F.4th 860, 878 (11th Cir. 2022) (quoting *Herring v. United*

*States*, 555 U.S. 135, 143 (2009)).  "When the police exhibit deliberate,

reckless, or grossly negligent disregard for Fourth Amendment rights,

the deterrent value of exclusion is strong" enough to warrant exclusion.

*Davis*, 564 U.S. at 238 (internal quotation marks omitted).  The Eleventh

Circuit has explained that "[a]bsent a systemic error or reckless

disregard of constitutional requirements", suppression is not warranted.

*United States v. Nicholson*, 24 F.4th 1341, 1353 (11th Cir. 2022)

(affirming denial of suppression motion when "[t]he government did not

deliberately violate [defendant's] rights", and "the FBI's investigation

was [merely] negligent."); *see also Campbell*, 26 F.4th at 886-87 ("Police

conduct trigger[s] the harsh sanction of exclusion only when [it is] deliberate enough to yield meaningful deterrence and culpable enough to be worth the price paid by the justice system.") (quotations and citations omitted)). "[This] is true whether the charged crime is murder or jaywalking or something in between." *Nicholson*, 24 F.4th at 1353.

In response to the Government's newly-advanced argument, Wright argues that the omission of a connection between Wright and the 66th St. address renders the affidavit so deficient that it "can only be described as a 'reckless disregard of constitutional requirements.'" Doc. 112 at 7 (quoting *Herring*, 555 U.S. at 144). Wright, however, does not point to any evidence indicating that the omission from the affidavit was anything more than merely negligent. *See generally* doc. 112; *see also United States v. Hammonds*, 2022 WL 225429, at *6 (M.D. Fla. Jan. 26, 2022) (citing *Nicholson*, and denying suppression motion where "there is no evidence that the authorities exhibited deliberate, reckless, or grossly negligent disregard for Defendant['s] . . . Fourth Amendment rights."). As the Eleventh Circuit has explained, "[t]he exclusionary rule is meant to guard against police officers who purposely leave critical facts out of search warrant affidavits because these facts would not support a finding

of probable cause." *United States v. Martin*, 297 F.3d 1308, 1320 (11th Cir. 2002). Absent any indication that the officer's omission is "deliberate enough to yield meaningful deterrence" *Campbell*, 26 F.4th at 886 (quoting *Davis*, 564 U.S. at 240), the 66th St. Motion should be **DENIED**. Doc. 28.[4]

3. *The Government's motion to reopen the evidentiary hearing, doc. 117 should be denied. However, if the District Judge considers the additional evidence received at the provisional evidentiary hearing, it bolsters the undersigned's recommendation that the 66th St. Motion, doc. 28, be denied.*

As discussed, the Court afforded the parties an opportunity to present additional testimony on a provisional basis to allow the undersigned to evaluate the content of the testimony before recommending whether that the District Judge consider the additional testimony.[5] Doc. 120 at 7. In the context of a motion to reopen a

---

[4] The parties dispute the scope of the District Judge's remand. *Compare*, *e.g.*, doc. 141 at 10-11 (The Government requests that the Court consider *all* suppression arguments on remand), *with id.* at 9 (Wright contends that the undersigned may only consider the Government's newly-advanced argument on remand, assuming it is not waived). The Court need not decide the scope of the remand given its recommendation that the 66th St. Motion be denied based on the specifically remanded argument.

[5] A magistrate judge may "receive further evidence" regarding a suppression motion before a district judge's final disposition of the motion "without any special justification." *United States v. Hayden*, 759 F.3d 842, 846 (8th Cir. 2014) ("Because the district court has discretion to receive new evidence [under 28 U.S.C. § 636(b)(1)] without any special justification while conducting *de novo* review of a magistrate

suppression hearing, courts evaluate, among other considerations, whether "the 'new' evidence . . . would . . . have affected the outcome of the [original] suppression hearing." *United States v. Bahena-Garcia*, 2013 WL 12113415, at *6 (E.D. Tex. June 10, 2013) (citing *United States v. Mercadel*, 2003 WL 21766541, at *6 (5th Cir. July 1, 2003)).

At the provisional hearing, the Government offered testimony from the issuing magistrate regarding, *e.g.*, her probable cause determination, and Wright offered testimony from the officer who applied for the warrant regarding, *e.g.*, the investigation preceding the 66th St. Warrant application. Doc. 146 (Minute Entry). The parties did not, however, offer testimony indicating that the officer's omission from the warrant application constituted "deliberate, reckless, or grossly negligent disregard for Fourth Amendment rights," *Davis*, 564 U.S. at 238 (quotations omitted), and the hearing does not alter the undersigned's recommendation that the 66th St. Motion, doc. 28, be denied based on the Government's newly-advanced argument. The Government's motion to reopen the suppression hearing should therefore be **DENIED**. Doc. 117.

---

judge's report and recommendation, [Cit.] we think it follows *a fortiori* that a magistrate judge likewise may receive new evidence before presenting a final report and recommendation to the district court."), cited in *United States v. Khan*, 2018 WL 2214813, at *2 (N.D. Ga. May 15, 2018).

However, if the District Judge were to consider the testimony offered at the provisional hearing, it would only serve to reinforce the undersigned's conclusion that the officer's omission from the affidavit was, at most, negligent.  At the hearing, Wright called the officer who applied for the 66th St. Warrant as a witness.  Doc. 146 (Minute Entry). The officer testified that, at the time he wrote the affidavit, he knew that the 66th St. address was Wright's residence because he saw "documents" associating Wright with the address, including Wright's driver's license.[6] Even though the officer omitted this investigative detail from the application, his testimony shows that he had a basis for believing the address was Wright's residence, and that the application's deficiency is not the "type of deliberate, reckless, or grossly negligent action that the exclusionary rule would deter."  *Nicholson*, 24 F.4th 1341, 1353; *see also Martin*, 297 F.3d at 1320 ("Under the totality of the circumstances, taking into account the facts known to [the officer] at the time he applied

---

[6] The officer also testified that he knew the 66th St. address was Wright's residence based on his review of the alleged victim's vehicle registration, a conversation with her divorce attorney, and conversations with other law enforcement officials who spoke to her.  The officer did not explicitly testify that he knew the address was Wright's residence from those sources *before* applying for the 66th St. Warrant. However, he did testify that he knew the address was Wright's "at the time he wrote the affidavit" because he reviewed Wright's driver's license.

for the search warrant, we find that [he] reasonably believed that probable cause existed to execute a search warrant."). Accordingly, the to the extent the District Judge considers the additional testimony offered at the provisional hearing, the undersigned concludes that it shows that the affidavit's omission was a "good faith mistake, rather than systemic error or reckless disregard of constitutional requirements[.]" *Nicholson*, 24 F.4th at 1353 (quotations and citations omitted).

## CONCLUSION

For the foregoing reasons, Wright's 66th St. Motion should be **DENIED**. Doc. 28; doc. 71 (supplementing doc. 28). The Government's motion to reopen the suppression hearing should be **DENIED**; doc. 117, however, to the extent the District Judge considers the additional testimony offered at the provisional evidentiary hearing, it strengthens the undersigned's recommendation that the 66th St. Motion be denied.

**SO REPORTED AND RECOMMENDED**, this 13th day of October, 2022.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA