IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:19-cr-149 |
| BARRY WRIGHT, | |
| Defendant. | |

**O R D E R**

After the Magistrate Judge recommended that the Court grant Defendant Barry Wright's "Motion to Suppress Evidence Seized From Search of [66th St. Residence]," (the "66th St. Motion"),[1] (doc. 100), the Government asserted a new argument against suppression in its objection. (Doc. 111, pp. 7-8 (citing doc. 107, pp. 24-26).) The Court remanded consideration of the motion to the Magistrate Judge to afford him an opportunity to consider the new argument. (Id., p. 8.) Before the Court is the Magistrate Judge's October 14, 2022 R&R, (doc. 149), which recommends that the 66th St. Motion be denied based on the new argument, to the extent the Court decides to consider it. (Doc. 149, p. 5.) Both the Government and Wright object to portions of that R&R. (Docs. 153 & 155.) Upon a careful de novo review of the entire record, the R&R is **ADOPTED**, (doc. 149), the parties' objections are **OVERRULED**, (docs. 153 & 155), and the 66th St. Motion, as supplemented is **DENIED**, (doc. 28; doc. 71 (Supplementary Brief)). See, e.g., 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

---

[1] Wright filed a supplementary brief regarding the 66th St. Motion, and two other pending suppression motions.

## BACKGROUND

Wright challenges the validity of the warrant for the search of a 66th St. address, which is supported by an affidavit stating, among other allegations, that his ex-wife's vehicle "suddenly exploded" while she was driving. (See doc. 28-2, p. 5 (affidavit); doc. 28-1 (warrant).) Investigators subsequently found an incendiary device under the driver's seat consisting of circuit boards, switches, wires, batteries, plastic bottles, accelerant, and cardboard cylinders which tested positive for chemicals commonly found in boat flares. (Doc. 28-2, pp. 5-6.) The ex-wife's attorney "expressed his concern" that Wright "may possibly be involved based on the tumultuous nature of their divorce" in which the ex-wife was awarded substantial assets. (Id., p. 6.) A coworker stated that the ex-wife "had expressed some concern regarding a recent gas leak in her home in which she believed that [Wright] may have possibly been involved." (Id.) Further, the affiant asserts that Wright has the "intelligence, knowledge and specific skill-set" required to construct an incendiary device based on his experience as an "electrical engineer employed by . . . an electrical equipment supplier" which "specializ[es] in switchgear, transformer, and engineering services," and that he is a "boat mechanic/repairman." (Id.)

Wright moved to suppress the evidence obtained pursuant to the warrant, arguing, inter alia, that the affidavit "contains neither an allegation nor reference to any facts to establish that the location to be searched was, in fact, [Wright's] residence." (Doc. 28, p. 3.) Based on this omission, he argues that the issuing magistrate did not have probable cause to issue the warrant, and that the exception to the exclusionary rule articulated in United States v. Leon, 468 U.S. 897 (1984), does not apply. (Id., pp. 4, 9.) The Magistrate Judge recommended that the Court grant the 66th St. Motion because it was unable to conclude that the issuing magistrate had a substantial basis to find probable cause, and that the Leon exception does not apply. (Doc. 100, pp. 15-18.)

2

The Government objected to the recommendation, contending that the Magistrate Judge erred in both his probable cause and Leon exception determinations.  (See, e.g., doc. 107, p. 1.) It also raised an argument not raised in any of its prior briefing, (docs. 46 & 90), or at the evidentiary hearing, (doc. 103 (Transcript)), that the exclusionary rule should not apply because any deficiency in the affidavit was not "sufficiently deliberate," and that the cost of suppression would therefore outweigh the benefit of deterring future misconduct. (Doc. 107, pp. 24-26; see also id., pp. 24-25.)  The Court declined to assess the merits of the newly-advanced argument; instead, it remanded consideration of the 66th St. Motion to the Magistrate Judge to afford him an opportunity to consider it, and directed the parties to file briefing limited to the new argument. (Doc. 111, p. 8.)  The Magistrate Judge held a status conference with the parties after they submitted their briefs.  (Doc. 116 (Minute Entry).)  The Government orally moved to reopen the evidentiary hearing at the conference.  (Id.)  As the Magistrate Judge explained, the Government "represented that the issuing magistrate was willing to testify as to whether the officer orally supplemented his warrant application with information that the 66th St. address was Wright's home."  (Doc. 149, pp. 3-4.)

The Magistrate Judge afforded the Government an opportunity to present additional testimony on a provisional basis so that he could "assess the content and credibility of the additional witnesses' testimony before entering a recommendation on whether the [Court] should consider it."  (Doc. 120, p. 7.)  He received testimony from the issuing magistrate and testimony from the officer who applied for the warrant.  (Doc. 146 (Minute Entry).)  Following the hearing, the Magistrate Judge recommended that the Court deny the 66th St. Motion based on the Government's newly-advanced argument, explaining that Wright did not "point to any evidence indicating that the omission from the affidavit was anything more than merely negligent."

(Doc. 149, pp. 6-8.)   He also recommended that the Government's motion to reopen the suppression motion be denied, explaining that the parties did not offer testimony "indicating that the officer's omission from the warrant application constituted 'deliberate, reckless, or grossly negligent disregard for Fourth Amendment rights[.]"   (Id., p. 9 (quoting Davis v. United States, 564 U.S. 229, 238 (2011)).)   He noted, however, that to the extent the Court considers the testimony offered at the provisional hearing, the officer's testimony supports his recommendation that the omission from the affidavit was at most, negligent.   (Id., p. 10.)   Specifically, "[t]he officer testified that, at the time he wrote the affidavit, he knew that the 66th St. address was Wright's residence because he saw 'documents' associating Wright with the address, including Wright's driver's license."   (Id.)

Wright objects to the Magistrate Judge's recommendation that the 66th St. Motion be granted based on the newly-advanced argument.   (Doc. 153.)   He argues that (1) the Court should deem the new argument waived, (id., p. 2); (2) even if the Court considers the new argument, the omission from the affidavit is a "tactic indicat[ing] deliberate strategy, not negligence", (id., pp. 2-3); and (3) the benefits of suppression would outweigh its costs, (id., pp. 4-5.)   The Government objects to the R&R, asserting that (1) the Court would abuse its discretion by not considering the new argument, (doc. 155, pp. 1-2); (2) the Court should grant its motion to reopen the evidentiary hearing, (id., p. 2); and (3) although the Government does not object to the Magistrate Judge's analysis regarding their newly-advanced argument, the Court should deny the 66th St. Motion based on the other grounds it has raised, (doc. 155, p. 3.).

## ANALYSIS

**I.      The Court will consider the Government's newly-advanced argument.**

Wright argues that the Court should deem the Government's newly-advanced argument waived.  (Doc. 153, p. 2; see also doc. 112, pp. 1-3.)  "[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009).  A district court, however, "does not abuse its discretion by accepting an argument not raised before the magistrate judge."  United States v. Franklin, 694 F.3d 1, 6 (11th Cir. 2012) (citing Stephens v. Tolbert, 471 F.3d 1173, 1176-77 (11th Cir. 2006)).  The Court, in its discretion, will consider the Government's newly-advanced argument.

**II.     The 66th St. Motion is denied.   (Doc. 28.)**

As discussed, Wright seeks to exclude evidence obtained pursuant to the 66th St. Warrant.  (Doc. 28, p. 1.)  The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," U.S. Const. amend. IV, and the judicially-created remedy known as the "exclusionary rule" acts as a deterrent to violating the Fourth Amendment by preventing the use of evidence seized as a result of an illegal search.  United States v. Martin, 297 F.3d 1308, 1312 (11th Cir. 2002).  In some cases, evidence seized pursuant to a search warrant that is invalid because it is "not supported by probable cause" is suppressed, or excluded, from the trial of a case.  United States v. Welch, 2011 WL 3911113, at * 4 (S.D. Ga. Aug. 18, 2011); see generally Leon, 468 U.S. (discussing the origin and scope of the exclusionary rule).

In evaluating whether a search warrant was issued based on probable cause, "[a] reviewing court's task is not to make a de novo finding of probable cause but rather to decide whether the

issuing magistrate—whose assessment of the affidavit's factual presentation is entitled to 'great deference'—had a 'substantial basis' for finding probable cause." United States v. Rangel, 2018 WL 817845, at * 6 (S.D. Ga. Jan. 18, 2018) (quoting Illinois v. Gates, 462 U.S. 213, 236, 238-39 (1983)); see also United States v. Giddens, 2019 WL 6971496, at * 1 (S.D. Ga. Dec. 18, 2019). Moreover, "[t]he Supreme Court has recognized that '[r]easonable minds frequently may differ' on whether an affidavit establishes probable cause, in order to accommodate the preference for warrants and to avoid perennial reevaluations of those determinations, the original determination is entitled to 'great deference.' " Giddens, 2019 WL 6971496, at * 1 (quoting Leon, 468 U.S. at 914).

Even if a court finds that the issuing magistrate did not have a substantial basis for finding probable cause, evidence discovered pursuant to a deficient warrant may still be admissible under the "good faith" exception to the exclusionary rule. Leon, 468 U.S. at 913. "The good-faith exception applies in all but four sets of circumstances." United States v. Lara, 588 F. App'x 935, 938 (11th Cir. 2014) (citing Leon, 468 U.S. at 923). It does not apply when: "(1) the magistrate judge was misled by information the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) the magistrate judge wholly abandoned his judicial role; (3) the affidavit is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where, depending upon the circumstances of the particular case, a warrant is so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized–that the executing officers cannot reasonably presume it to be valid." United States v. Hill, 2014 WL 5410214, at * 7 (S.D. Ga. Oct. 23, 2014) (citing United States v. Robinson, 336 F.3d 1293, 1296 (11th Cir. 2003)).

Finally, "[t]o trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system." Herring v. United States, 555 U.S. 135, 144 (2009). "When the police exhibit 'deliberate,' 'reckless,' or 'grossly negligent' disregard for Fourth Amendment rights, the benefits of exclusion outweigh the costs. [Cit.] But when the police reasonably act with a good-faith belief that their conduct is lawful, or when their conduct involves mere negligence, the deterrent value of suppression is diminished." United States v. Brito-Arroyo, 2021 WL 3661200, at * 4 (11th Cir. Aug. 18, 2021) (internal quotations and citations omitted).

The Magistrate Judge recommended that the Court deny the 66th St. Motion because Wright did "not point to any evidence indicating that the omission from the affidavit was anything more than merely negligent." (Doc. 149, p. 7.) Wright objects to that recommendation, contending that the officer "found no factual basis to support" a connection between Wright and the residence, and "inserted [in the affidavit], several times, his personal opinion that he had 'cause to believe' that evidence was 'located inside Barry Wright's home.'" (Doc. 153, p. 3.) Wright, however, has still not pointed to "evidence that the authorities exhibited deliberate, reckless, or grossly negligent disregard for [his] . . . Fourth Amendment rights", United States v. Hammonds, 2022 WL 225429, at *6 (M.D. Fla. Jan. 26, 2022) (citing United States v. Nicholson, 24 F.4th 1341, 1353 (11th Cir. 2022)), and the Court is unconvinced by his conclusory assertion that the officer engaged in a "tactic indicat[ing] deliberate strategy, not negligence." (Doc. 153, p. 3; see also id., p. 4 (Wright speculates, without citation to the record, that "it appears that an experienced

7

officer successfully camouflaged the absence of a key element of probable cause by substituting his unsupported personal opinion").)[2]

Wright also argues that the "societal benefit [of] exclusion" would outweigh its cost because it "will serve to discourage similar violations by police in the future." (Doc. 153, pp. 4-5 (quoting doc. 112, p. 10).) The Supreme Court, however, "[b]alancing the benefits of deterrence and the systemic cost of excluding otherwise credible evidence, . . . has held that merely negligent law enforcement conduct does not justify exclusion." Nicholson, 24 F.4th at 1353 (citing Herring, 555 U.S. at 144). Absent some indication that the officer's conduct was more than negligent, the Court cannot conclude that the benefits of exclusion outweigh the costs. Accordingly, the 66th St. Motion is **DENIED**. (Doc. 28.)

Finally, the Government "agrees with" the Magistrate Judge's recommendation that the Court deny the 66th St. Motion based on its newly-advanced argument, but "objects to [his] failure to recommend that the Court adopt" its other arguments against suppression. (Doc. 155, p. 3-4 ("[T]he [G]overnment must carefully avoid any possible waiver or forfeiture of its arguments.").) Since Wright has not pointed to any evidence indicating that the omission from the affidavit was more than negligent, the Court need not evaluate the Government's alternative arguments against suppression.

**III.   The Government's motion to reopen the suppression hearing is denied.   (Doc. 117.)**

The Magistrate Judge recommended that the Court deny the Government's motion to reopen the suppression hearing, (doc. 117). (Doc. 149, p. 8-9.) He explained that the parties did

---

[2] In the portion of Wright's brief disputing the "[m]erits of the [G]overnment's newly-raised argument," Wright also reiterates the affidavit's omission of facts connecting him to the residence. (See doc. 153, pp. 3-4.) This argument does not address whether an omission from the affidavit was more than negligent.

not offer evidence at the hearing[3] that the officer's omission from the affidavit "constituted 'deliberate, reckless, or grossly negligent disregard for [Wright's] Fourth Amendment rights,' " and that it did not alter his recommended disposition of the 66th St. Motion. (Id., p. 9 (quoting Davis, 564 U.S. at 238).)[4] The Government objects, asserting that the evidence offered at the suppression hearing bolsters both its originally-advanced and newly-advanced arguments against suppression. (Doc. 155, pp. 2-3.) Since Wright has not pointed to any evidence that the officer engaged in the "type of deliberate, reckless, or grossly negligent action that the exclusionary rule would deter," Nicholson, 24 F.4th at 1353, the Court need not consider the testimony offered at the provisional hearing. The Government's motion to reopen the suppression hearing is therefore **DENIED**. (Doc. 117.)

## CONCLUSION

For the foregoing reasons, both parties' objections to the Magistrate Judge's R&R are **OVERRULED**, (docs. 153 & 155), and the R&R is **ADOPTED**, (doc. 149). Wright's 66th St. Motion, as supplemented, is **DENIED**, (doc. 28; doc. 71 (Supplementary Brief)), and the Government's motion to reopen the suppression hearing is **DENIED**, (doc. 117). At the evidentiary hearing regarding the 66th St. Motion, the parties agreed that the disposition of the 66th St. Motion, (doc. 28), could impact their arguments regarding the validity of warrants

---

[3] A magistrate judge may "receive further evidence" regarding a suppression motion before a district judge's final disposition of the motion "without any special justification." United States v. Hayden, 759 F.3d 842, 846 (8th Cir. 2014) ("Because the district court has discretion to receive new evidence [under 28 U.S.C. § 636(b)(1)] without any special justification while conducting de novo review of a magistrate judge's report and recommendation, [cit.], we think it follows a fortiori that a magistrate judge likewise may receive new evidence before presenting a final report and recommendation to the district court."); see also United States v. Khan, 2018 WL 2214813, at *2 (N.D. Ga. May 15, 2018) (citing Hayden).

[4] The Magistrate Judge explained that the officer's testimony at the provisional hearing bolstered the conclusion that his omission was, at most, negligent. (Doc. 149, p. 10.) Specifically, the officer testified that "at the time he wrote the affidavit, he knew that the 66th St. address was Wright's residence because he saw 'documents' associating Wright with the address, including Wright's driver's license." (Id.)

obtained after the 66th St. Warrant.  (Doc. 103, pp. 55-57 (Transcript).)   Accordingly, Wright is **DIRECTED** to file a status report no later than 14 days from the date of this Order indicating whether he still intends to pursue the pending suppression motions regarding those warrants. (Docs. 27, 29, 30, 32, 33 & 34.)

**SO ORDERED**, this 9th day of December, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA