**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v.                                ) | |
| )                                | CR419-149 |
| ) | |
| BARRY WRIGHT,                 ) | |
| ) | |
| Defendant.        ) | |

## <u>ORDER</u>

Defendant Barry Wright filed a Motion to Exclude Expert Testimony of Jacqueline Williams, doc. 206, and a Motion to Exclude Expert Testimony of ATF Special Agent Lee Hoover, doc. 207 (the "*Daubert* Motions"). He filed the relevant expert reports as attachments to those motions. *See* doc. 206-1 (Williams Report); doc. 207-2 (Hoover Report). Those reports have been provisionally sealed, *see id.*, and Wright has filed an unopposed motion seeking leave to maintain the sealing. Doc. 209 ("Motion to Seal"). For the following reasons, Wright's unopposed Motion to Seal is **DENIED, without prejudice**. Doc. 209.

"Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v.*

1

*Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992).  Therefore, "[j]udicial records are open to the public, and for good reason—access to judicial proceedings is crucial to our tradition and history, as well as to continued public confidence in our system of justice." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1358-59 (11th Cir. 2021).  As the Eleventh Circuit has explained, "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotation marks omitted) (quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978), and *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)).  "[T]he common-law right of access includes the right to inspect and copy public records and documents." *Chi. Tribune Co.*, 263 F.3d at 1311 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (referencing specifically the right to inspect and copy "judicial records and documents.")).  "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law

right of access." *Romero*, 480 F.3d at 1245.  The Eleventh Circuit recently reaffirmed this standard, finding that the public right of access is presumed for "judicial records," which include "documents filed with pretrial motions that require judicial resolution of the merits of an action." *Callahan*, 17 F.4th at 1363 (internal citation and quotations omitted).[1]

A party seeking to have judicial records sealed can overcome the common-law right of access by a showing of good cause.  *Callahan*, 17 F.4th at 1363.  A good cause determination "requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero*, 480 F.3d at 1246 (internal quotation marks and alterations omitted) (quoting *Chi. Tribune Co.*, 263 F.3d at 1309).  In weighing these competing interests, the Court considers "a number of important questions," which the Eleventh Circuit discussed in *Callahan*:

---

[1]  "In both civil *and criminal* cases courts recognize a common-law public right of access to judicial proceedings and records." *United States v. Bradley*, 2007 WL 1703232, at *1 (S.D. Ga. June 11, 2007) (emphasis added); *see also United States v. Graddy*, 2021 WL 3172927, at *1 (M.D. Ga. July 27, 2021) ("The common-law right of access . . . generally affords the public an opportunity to inspect and copy public records as well as view civil and criminal proceedings.") (citing *Chi. Tribune Co.*, 263 F.3d at 1311).

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Callahan*, 17 F.4th at 1363 (internal quotation marks and citations omitted).  The decision of whether good cause exists rests with the sound discretion of the district court judge, is based on the "nature and character of the information in question," and "should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." *Chi. Tribune Co.*, 263 F.3d at 1311, 1315 (quoting *Nixon*, 435 U.S. at 603) (internal quotation marks and alterations omitted).

Additionally, "[t]he press and the public enjoy a qualified First Amendment right of access to criminal trial proceedings." *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1028 (11th Cir. 2005).  A party can rebut the presumption of openness "if it can show 'an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* at 1030 (quoting *Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501, 510 (1984)); *see*

*also* S.D. Ga. L. Civ. R. 79.7(d) ("The party seeking to have any matter placed under seal must rebut the presumption of the openness derived from the First Amendment . . . ."); S.D. Ga. L. Crim. R. 1.1 (incorporating Local Civil Rule 79 into the Local Criminal Rules by reference).  When sealing documents, the Court must "articulate the overriding interest along with findings specific enough that a reviewing court can determine whether the closure order was properly entered." *Ochoa-Vasquez*, 428 F.3d at 1030 (internal quotations and citation omitted).

The Court previously granted Wright's request to seal the Williams and Hoover Reports as attachments to his reply supporting his Motion for Release on Due Process Grounds.  Doc. 136-4 at 37 (sealed Williams Report); doc. 136-2 at 2 (sealed Hoover Report); doc. 137 (Court's Order). Wright bases his request to seal the reports as attachments to the *Daubert* Motions on that prior Order: "The [*Daubert* Motions'] exhibits contain sealed reports that have not been unsealed by the Court and should not be available for public inspection as well."  Doc. 209 at 1; *see also* doc. 209-1 (Wright's Proposed Order indicates that he bases his sealing request on the Court's Order at doc. 137).

Although Wright previously demonstrated good cause for sealing the reports as attachments to his reply supporting the Motion for Release on Due Process Grounds, the reports were a minor component of his briefing on the due process issue. *See, e.g.*, doc. 136 at 2 (referencing the Hoover Report); *id.* at 3 (referencing "Exhibit G," which is the Williams Report). In contrast, the merits of Wright's *Daubert* Motions rest heavily on the reports' content. *See, e.g.*, doc. 206 at 3-4; doc. 207 at 2-3. Since the reports are "unambiguously integral to the [C]ourt's resolution of the [*Daubert*] motions", *Comm'r, Ala. Dep't of Corr. v. Advance Loc. Media, LLC*, 918 F.3d 1161, 1168 (11th Cir. 2019), Wright's brief argument relying on the Court's prior Order does not overcome the common-law presumption of public access. *See also Laudig v. Int'l Bus. Machines Corp.*, 2022 WL 18232706, at *11 (N.D. Ga. Dec. 16, 2022) (denying motion to seal when public access is "necessary for the public to have an understanding of the Court's decision in [the] case."). Further, the Government's non-opposition to the motion is not alone sufficient for Wright to meet his "good cause" burden. *See Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985) (finding that parties "do not have the right to agree to seal what were public records."). Finally, Wright has

not rebutted the First Amendment presumption of openness because he has not articulated an "overriding interest" in sealing, or shown that the proposed sealing would be "narrowly tailored." *See Ochoa-Vasquez*, 428 F.3d at 1030.

While the information in the exhibits, or the entire exhibits, may be subject to protection, without more detailed argument addressing the specific information at issue, the Court cannot determine what should be sealed and what should not. Therefore, Wright's unopposed Motion to Seal is **DENIED, without prejudice**. Doc. 209. If he wishes to renew his motion to file these documents under seal, that renewed motion must contain the particularized analysis required for that relief as to each document he contends should be sealed. To ensure that consideration of his *Daubert* Motions is not disrupted, Wright is **DIRECTED** to file any renewed motion to seal, or file a notice withdrawing the exhibits from consideration for purposes of the *Daubert* Motions, no later than fourteen days from the date of this Order.

SO ORDERED, this 28th day of April, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA