UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | CR419-149 |
| BARRY WRIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

# REPORT AND RECOMMENDATION

Defendant Barry Wright moves to dismiss the charges against him for vindictive prosecution. Doc. 203. He also moves for discovery in support for his motion to dismiss for vindictive prosecution. Doc. 204. The Government opposes both motions. Doc. 212. With both motions fully briefed and arguments held before the undersigned on October 27, 2023, *see* doc. 287 (Minute Entry), these matters are ripe for disposition.

Wright was initially charged with one count of possession of an unregistered destructive device under 26 U.S.C. § 5861(d) and one count of using fire or an explosive to commit any felony offense under 18 U.S.C. § 844(h). Doc. 2 (First Indictment). In February 2022, the Government offered Wright a plea deal. *See* doc. 203-1. In exchange for pleading

1

guilty "as currently charged," the Government would agree to not *add* charges. *Id.* at 2. Specifically, they would agree to not add "(1) use of a weapon of mass destruction" under 18 U.S.C. § 2332(a), and "(2) use of a destructive device during an in relation to a crime of violation" under 18 U.S.C. § 924(c)(1). *Id.* Under the original indictment, Wright's maximum potential sentence was 20 years. *See id.*; *see also* doc. 3 (First Penalty Certification). The threatened charges would increase his exposure to a mandatory minimum sentence of 30 years to life. *See* doc. 203-1 at 2-3; doc. 176 (Superseding Penalty Certification). Wright never responded to the offer. Doc. 203 at 2. The Government re-extended the potential plea on December 16, 2022, and requested that Wright accept or reject the offer by January 16, 2023. Doc. 203-1 at 2. Wright refused the offer. Doc. 203 at 2-3. On February 8, 2023, the grand jury returned a superseding indictment for Wright which both included the original counts and added the threatened charges. *See* doc. 175 (Superseding Indictment).

"[A] superseding indictment adding new charges that increase the potential penalty . . . violate[s] due process if the prosecutor obtained the new charges out of vindictiveness. [Cit.] Vindictiveness in this context means the desire to punish a person for exercising his rights." *United*

States v. Barner*, 441 F.3d 1310, 1315 (11th Cir. 2006) (citing *United States v. Spence*, 719 F.3d 358, 361 (11th Cir. 1983) and *United States v. Goodwin*, 457 U.S. 368, 372 (1982))). A presumption of vindictiveness arises when the facts suggest "a realistic likelihood of 'vindictiveness.'" *Goodwin*, 457 U.S. at 384 (citing *Blackledge v. Perry*, 417 U.S. 21, 27 (1974)). Actual vindictiveness "'essentially requires a showing that the prosecution's justification is pretextual.'" *Barrit v. Sec'y, Fla. Dept. of Corrs.*, 968 F.3d 1246, 1253 (11th Cir. 2020) (quoting *United States v. Kendrick*, 682 F.3d 974, 982 (11th Cir. 2012)).

Wright does not explicitly state which theory–a presumption of vindictiveness or actual vindictiveness–he proceeds under, though the bulk of his argument appears to be centered on establishing a presumption of vindictiveness. *See* doc. 203 at 6-10. Unfortunately, this argument is closed to him. Wright argues that the Government is seeking to punish him for his "exercise of his Sixth Amendment right to trial by jury," or, for rejecting the Government's plea offer. *See* doc. 203 at 8-10. "But in the 'give-and-take' of plea bargaining, there is no . . . element of punishment or retaliation so long as the accused is free to accept or reject the prosecutor's offer." *Bordenkircher v. Hayes*, 434 U.S.

3

357, 363 (1978). *See also Barner*, 441 F.3d at 1316 (holding that there is "no vindictiveness or due process violation in plea bargaining" when a defendant can freely accept or reject the plea offer); *see also United States v. Verch*, 307 F. App'x 327, 330 (11th Cir. 2009) ("[I]n the pre-trial plea negotiation context, it is not enough to show the defendant might face additional criminal penalties if he or she rejects a plea offer."); *United States v. South*, 295 F. App'x 959, 968 (11th Cir. 2008) ("There is no constitutional due process violation when the government decides to add new charges after the defendant refuses a plea deal."). Changes in charging that result from plea negotiations are "an inaccurate measure of improper prosecutorial 'vindictiveness'" and are insufficient to support a presumption of vindictiveness. *See Goodwin*, 457 U.S. at 378 (characterizing the Court's decision in *Bordenkircher* as "declining to apply a presumption of vindictiveness"). The Supreme Court "has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forgo his right to plead not guilty." *Id.* at 364.

In *Bordenkircher*, the prosecutor had evidence to support the superseding charges at the time of the original indictment and expressly

4

threatened the defendant with heightened charges if he did not plead guilty; the Supreme Court found there was no violation of the Due Process Clause so long as the defendant could freely accept or reject the plea. *Bordenkircher*, 434 U.S at 358-59, 365.  Here, Wright does not contend that his decision to reject the Government's plea deal was not made freely.  He argues in his motion that the Government had the necessary evidence to pursue the additional charges at the time of his original indictment, and the Government was explicit in its threat that if Wright did not plead guilty as charged, it would seek additional, more punitive charges.  *See* doc. 203 at 10; doc. 203-1.  This case is on all fours with *Bordenkircher*.  Wright therefore alleges insufficient facts to give rise to a presumption of vindictiveness.  *See Goodwin*, 457 U.S. at 378-80.

That said, *Bordenkircher* does not preclude the possibility that superseding charges brought after failed plea negotiations "could give rise to a claim of actual vindictiveness." *Goodwin*, 457 U.S. at 380-81. Additional facts or circumstances could prove that a prosecutor was not attempting to persuade the defendant to plead guilty with the threat of additional charges, but instead sought the additional charges "*solely* to

'penalize' the defendant." *Id.* at 381 n.12 (emphasis added). Although, again, it is unclear whether Wright is proceeding under this theory, Wright acknowledges that showing actual vindictiveness is "exceedingly difficult." Doc. 203 at 6. He has not made the necessary showing. Wright has not offered any objective evidence that the Government–in bringing additional charges Wright does not dispute were supported by probable cause–was "*actually* motivated by the desire to punish [him] for the exercise of his rights." *See Barner*, 441 F.3d at 1322 (emphasis added).

Because Wright has not shown any evidence of prosecutorial vindictiveness–presumed or actual—the Court should **DENY** his Motion to Dismiss for Vindictive Prosecution, doc. 203, and his Motion for Discovery in Support of Motion to Dismiss for Vindictive Prosecution, doc. 204.[1]  This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to

---

[1] Wright's motion for discovery is predicated on his having established a presumption of vindictiveness or raised a likelihood of vindictive prosecution, which he has not done.  *See* doc. 204 at 2.

Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 21st day of February, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA