IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>BARRY WRIGHT,<br><br>Defendant. | CASE NO.: 4:19-cr-149 |

**O R D E R**

Before the Court is the Magistrate Judge's February 21, 2024 Report and Recommendation ("R&R"), (doc. 306), to which Defendant Barry Wright has objected, (doc. 310). The Magistrate Judge recommended that the Court deny Wright's Motion to Dismiss for Vindictive Prosecution, (doc. 203), and Motion for Discovery in Support of Motion to Dismiss for Vindictive Prosecution, (doc. 204). (Doc. 306, p. 6.) For the following reasons, Wright's objections are **OVERRULED**. (Doc. 310.) The Court **ADOPTS** the R&R. (Doc. 306.) Defendant's Motions are **DENIED**. (Docs. 203 & 204.)

**BACKGROUND**

As explained in the Court's prior Order, Wright's ex-wife's vehicle "suddenly exploded" while she was driving. (Doc. 111, p. 2.) Investigators subsequently found a device under the driver's seat consisting of circuit boards, switches, wires, batteries, plastic bottles, accelerant, and cardboard cylinders. (Id.) Wright was charged with one count of Possession of an Unregistered Destructive Device pursuant to 26 U.S.C. § 5861(d) and one count of Using Fire or an Explosive

to Commit Any Felony Offense pursuant to 18 U.S.C. § 844(h) on September 19, 2019.  (Doc. 2.)

On February 11, 2022, the Government sent Wright a plea offer:

> This is an offer to pled guilty as currently charged.   In exchange, the United States will not add charges.   Specifically, we agree to not add (1) use of a weapon of mass destruction in the United States, 18 U.S.C § 2332a; and (2) use of a destructive device during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A) and (B)(ii). . . . The benefit of this plea is that it caps the sentence and total exposure at 20 years, rather than a mandatory minimum sentence of 40 years to life if we add charges.

(Doc. 203-1, pp. 2-3.)   Wright did not respond to the February 2022 plea offer.   (Doc. 203, p. 2.)

Counsel for the Government re-extended the offer on December 16, 2022:

> As we discussed, I am re-sending the plea offer extended in the email below. . . . Based on the information we received on November 30, 2022[1] and the Court's ruling on December 9, 2022,[2] the Department is considering whether to supersede and add the charges of (1) use of a weapon of mass destruction in the United States, 18 U.S.C. § 2332a; and (2) use of a destructive device during and in relation to a crime of violence, 18 U.S.C § 924(c)(1)(A) and B(ii).

(Doc. 203-1, p. 2.).   Wright rejected the offer.   (Doc. 203, pp. 2-3.)   On February 8, 2023, the grand jury returned a superseding indictment for Wright which included the original counts and added the anticipated charges.   (See doc. 175.)

Wright moved to dismiss the superseding indictment on the grounds that the charges "result from vindictiveness."   (Doc. 203, p. 3.)   After hearing arguments on Wright's Motion to Dismiss for Vindictive Prosecution, (doc. 203), and Motion for Discovery in Support of Motion to Dismiss for Vindictive Prosecution, (doc. 204), (see doc. 287 (Minute Entry)), the Magistrate Judge recommended that both motions be dismissed.   (Doc. 306.)

---

[1]  The Report of Stephen Shelley, an Explosives Enforcement Officer with the Bureau of Alcohol Tobacco, Firearms and Explosives, was approved on November 30, 2022.   (See doc. 205-1.)
[2]  On December 9, 2022, the Court: 1) granted Wright's Motion for Release on Due Process Grounds, (see doc. 156); 2) denied Wright's Supplemented Motions to Suppress Evidence Seized from 205 E. 66th Street, (see doc. 157), and 3) directed Wright to file a status report as to whether he intended to pursue pending suppression motions regarding warrants obtained after the 66th Street warrant, (see doc. 158).

2

ANALYSIS

**I.      Motion to Dismiss for Vindictive Prosecution (doc. 203).**

"[A] superseding indictment adding new charges that increase the potential penalty . . . violate[s] due process if the prosecutor obtained the new charges out of vindictiveness. [Cit.] Vindictiveness in this context means the desire to punish a person for exercising his rights." United States v. Barner, 441 F.3d 1310, 1315 (11th Cir. 2006) (citing United States v. Spence, 719 F.2d 358, 361 (11th Cir. 1983) and United States v. Goodwin, 457 U.S. 368, 372 (1982)). A presumption of prosecutorial vindictiveness exists when the accused presents facts which suggest "a realistic likelihood of 'vindictiveness.'" Blackledge v. Perry, 417 U.S. 21, 27 (1974). The government may rebut this presumption by offering "objective proof which explains or justifies the prosecutor's decision" to add new charges. See Spence, 719 F.2d at 362.

Wright objects to the Magistrate Judge's conclusion that he did not establish a presumption of vindictiveness. (See doc. 310, p. 3.) He contends that he has established a presumption of vindictiveness by showing that the additional charges were: 1) brought after he declined a plea offer, opting instead to exercise his right to a jury trial; 2) based on the same conduct as in the initial indictment; and 3) brought by the same sovereign. (Id., pp. 3-4). The burden now lies with the Government, he argues, to prove that the charges in the superseding indictment were not vindictive. (Id., p. 7.)

Superseding charges brought after a defendant declines a plea offer cannot alone create a presumption of vindictiveness because "[t]he possibility that a prosecutor would respond to a defendant's pretrial demand for a jury trial by bringing charges not in the public interest that could be explained only as a penalty imposed on the defendant is so *unlikely* . . . ." Goodwin, 457 U.S. at 384 (emphasis in original); see also Barner, 441 F.3d at 1316 (holding that there is no

3

vindictiveness or due process violation in plea bargaining when a defendant is free to accept or reject the plea offer); United States v. Verch, 307 F. App'x 327, 330 (11th Cir. 2009) ("[I]n the pre-trial plea negotiation context, it is not enough to show the defendant might face additional criminal penalties if he or she rejects a plea offer."); United States v. South, 295 F. App'x 959, 968 (11th Cir. 2008) ("There is no constitutional due process violation when the government decides to add new charges after the defendant refuses a plea deal."). While courts have not foreclosed the possibility that a defendant "could present additional factors that would make it appropriate to use the presumption in a pre-trial setting," Wright has not done so here. See Barner, 441 F.3d at 1317. His "additional factors"–that the superseding indictment was based on the same conduct as in the initial indictment and brought by the same sovereign–are not factors that warrant finding a presumption of vindictiveness; rather, they are circumstances typical of "the 'give-and-take' of plea bargaining." Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978). As the Magistrate Judge correctly observed, in Bordenkircher, the same sovereign brought superseding charges based on evidence "the prosecutor was in possession of . . . at the time of the original indictment" explicitly because the defendant refused to accept the State's plea offer. Id. at 358-59. (See also doc. 306, pp. 4-5). Yet the Supreme Court held there was no violation of the Due Process Clause under those circumstances so long as the defendant could freely accept or reject the plea. Bordenkircher, 434 U.S. at 365. Wright has not pointed to any additional factors that distinguish this case from Bordenkircher.

  Wright cites several cases from other circuits which he argues support his theory that the involvement of the same sovereign and the fact that the superseding charges were based on the same conduct as in the original indictment warrant finding a presumption of vindictiveness. (See doc. 310, p. 4.) The cases are distinguishable from the present case in that the "procedural right"

asserted by the defendants in those cases was something other than rejecting a plea offer and proceeding to trial.  See United States v. Garza-Juarez, 992 F.2d 896, 906 (9th Cir. 1993) (analyzing whether defendant had established a presumption of vindictiveness when the government sought a superseding indictment after a prosecutor told the defendant that the plea deal would be withdrawn if the defendant "proceeded with his motion to dismiss for outrageous government conduct during the investigation"); United States v. Suarez, 263 F.3d 468, 479 (6th Cir. 2001) (analyzing whether the defendant had established a presumption of vindictiveness when the government brought a superseding indictment when the defendant "was planning to file motions to suppress his statement and to dismiss the charge"); United States v. Andrews, 633 F.2d 449, 451, 454 (6th Cir. 1980) (analyzing whether the defendant had established a presumption of vindictiveness when the government brought a superseding indictment after the defendant successfully appealed a magistrate judge's decision to deny bail and was released from federal custody).  Wright does not contend that the Government sought to punish him for exercising his right to file a motion to dismiss, motion to suppress, motion to be released on bond, or some other pretrial motion.  He insists that the Government acted vindictively because he rejected its plea offer.  (Doc. 310, pp. 5-6.)  But "changes in the charging decision that occur in the context of plea negotiations are an inaccurate measure of improper prosecutorial 'vindictiveness.'" Goodwin, 457 U.S. at 379-80.  The cases Wright relies on concede that a prosecutor bringing superseding charges after a failed plea negotiation is insufficient to establish a presumption of vindictiveness.  See Garza-Juarez, 992 F.2d at 906 ("In the present case, the package deal provided that more serious charges could be brought if Joe did not plead guilty.  This was permissible under Bordenkircher."); Suarez, 263 F.3d at 479 ("However, if the charges are brought simply as the result of failure of the plea bargaining process, they are not vindictive."); Andrews,

5

633 F.2d at 456 ("Bordenkircher holds that actual retaliatory behavior is acceptable, at least in the plea bargaining context.").[3]

Accordingly, the Court concurs with the Magistrate Judge's conclusion that Wright has failed to establish a presumption of prosecutorial vindictiveness. (Doc. 306, p. 5.) His objections are **OVERRULED**. (See doc. 310, pp. 3-7). The Court **ADOPTS** the Magistrate Judge's recommendation, (doc. 306), and **DENIES** Wright's Motion to Dismiss for Vindictive Prosecution, (doc. 203.)

## II.   Motion for Discovery in Support of Motion to Dismiss for Vindictive Prosecution (doc. 204).

Both Wright's Motion for Discovery in Support of Motion to Dismiss for Vindictive Prosecution and his objections to the Magistrate Judge's recommendation that that motion be denied are predicated on his having established a presumption of prosecutorial vindictiveness. (See doc. 204, p. 2; doc. 310, p. 7.) Because he has not established a presumption of vindictiveness, his objections are **OVERRULED**. (See doc. 310, pp.7-8.) The Court **ADOPTS** the Magistrate Judge's recommendation, (doc. 306), and **DENIES** Wright's Motion for Discovery in Support of Motion to Dismiss for Vindictive Prosecution. (Doc. 204.)

---

[3] Wright also cites to United States v. Meyer, 810 F.2d 1242 (D.C. Cir. 1987), a case in which defendants established a presumption of vindictiveness when the government sought additional charges after they exercised their right to go to trial. (Doc. 310 at 3.) However, the defendants in Meyer demonstrated additional facts tending to show vindictiveness far beyond anything Wright has asserted. In Meyer, 200 political protesters were arrested for demonstrating without a permit and given the option to pay a fine or go to trial. 810 F.2d at 1243-44. The government sought additional charges–obstructing a sidewalk– for every protestor who chose to go to trial but not for the protestors who opted to pay the fine, even though all of the protestors had engaged in the same conduct. Id. at 1244. The obvious disparate treatment between the protestors who chose to pay a fine and those that chose to exercise their right to a trial was sufficient to support "a finding of a realistic likelihood of prosecutorial vindictiveness." Id. at 1246. Wright has not alleged, much less demonstrated, disparate treatment. (See generally doc. 203; see also doc. 310.)

**CONCLUSION**

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R&R.  (Doc. 306.) Wright's objections are **OVERRULED**, (doc. 310), and his Motion to Dismiss for Vindictive Prosecution, (doc. 203) and Motion for Discovery in Support of Motion to Dismiss for Vindictive Prosecution, (doc. 204), are **DENIED**.

**SO ORDERED**, this 4th day of April, 2024.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA